1
2
3
4                  UNITED STATES DISTRICT COURT
5                 NORTHERN DISTRICT OF CALIFORNIA
6
7    JERRY SANCHEZ,                      Case No.  17-cv-06441-WHO
8              Plaintiff,
                                         **ORDER APPOINTING LEAD
9         v.                             COUNSEL**
10   IXYS CORPORATION, et al.,           Re: Dkt. No. 4
11            Defendants.

12
13   EUGENE HORWITZ,                     Case No. 17-cv-06472-WHO
              Plaintiff,
14
15        v.
16   IXYS CORPORATION, et al.,
17            Defendants.

         The Complaint in this case and the complaints in two cases consolidated with it allege that

18   defendants' merger disclosures were inadequate under federal law.[1]  Pursuant to the provisions of

19   the Securities Exchange Act of 1934, as amended by the Private Securities Litigation Reform Act

20   of 1995 (the "PSLRA"), plaintiff Sanchez moves for his appointment as lead plaintiff and

21   appointment of his counsel, Monteverde & Associates PC, as lead counsel.[2]  Dkt. No. 4.  Plaintiff

22   submits evidence that he complied with the requirements of the PSLRA, including publication of a

23   notice regarding this case.  Dkt. No. 4-2.  Neither of the other plaintiffs in the consolidated cases

24   has moved for appointment or objected to plaintiff Sanchez's motion.

25

26   _____

27   [1] This case was consolidated with two others on February 6, 2018.  Dkt. No. 13.

28   [2] Pursuant to Civil Local Rule 7-1(b) this matter is appropriate for determination on the papers and
     the February 28, 2018 hearing is VACATED.

Defendants object. Dkt. No. 11. They argue that because Sanchez failed to serve his Complaint within 90 days as required under Federal Rule of Civil Procedure 4(m) and had taken no steps to serve the Complaint (*e.g.*, had not provided waivers to defense counsel) as of the date of defendants' Opposition (February 5, 2018), plaintiff Sanchez is inadequate and his failure to properly prosecute his case indicates he will not vigorously protect the interests of the class he seeks to represent. Defendants, in their Opposition and proposed Sur-Reply,[3] also argue that plaintiff's counsel's filing of at least sixteen inadequate disclose cases arising out of corporate mergers within the past four months – where plaintiffs pleaded their intent to seek preliminary injunctions to stop the proposed mergers absent corrected disclosures but never sought injunctive relief in any of those cases – shows that plaintiff's counsel are not able or prepared to vigorously litigate each case they have filed. Instead, defendants characterize this suit (and the others) as "frivolous disclosure" suits intended only to secure quick nuisance settlements.

Not surprisingly, plaintiff objects to those characterizations (and the proposed Sur-Reply) and instead points to the millions of dollars in class member relief secured by plaintiff's counsel's firm in securities cases. Plaintiff also argues that defendants in this case were "impliedly served" through their counsel's actions in this case and that even if defendants were not timely served, I should use my discretion to provide plaintiff an extension.[4]

At this juncture, whether Sanchez's case is frivolous or otherwise in violation of Rule 11 is not fully before me. Similarly, whether or not Sanchez's failure to seek an injunction to stop the merger and whether that indicates a failure of counsel, either to adequately prosecute the case or under Rule 11, is not fully before me. The issue squarely before me is whether to appoint Sanchez as lead plaintiff and Monteverde & Associates as lead counsel. Whether or not defendants were adequately served, while not raised in a motion, is arguably before me given Sanchez's request for

---

[3] Defendants' request leave to file a Sur-Reply. Dkt. No. 30. That request is DENIED. Defendants had the opportunity to raise the arguments presented in their Sur-Reply in their Opposition but failed to do so. However, I will take notice of the arguments made therein and plaintiff's responses thereto in his Opposition to the proposed Sur-Reply.

[4] Plaintiff has apparently taken steps to formally serve defendants, following the filing of defendants' Opposition.

an extension. Dkt. No. 26.

I am sympathetic to defendants' frustrations – with plaintiff's failure to timely serve and their belief this case is the latest in a line of frivolous filings – but defendants do not suggest a resolution to the problem I face: if not Sanchez, then who?  I have three consolidated cases pending before me.  Only one plaintiff has moved for appointment, as required under the PSLRA. Therefore, I GRANT plaintiff's motion and appoint plaintiff Sanchez as lead plaintiff and Monteverde & Associates as lead counsel.  Given the back and forth between counsel about this and the consolidated cases, including plaintiff's demands and requests for acceptance of service, I also find good cause exists and GRANT plaintiff an extension of time to complete service on defendants.  Plaintiff shall effectuate service on defendants on or before March 5, 2018.

I expect plaintiff to vigorously litigate this case and will consider, if and when raised, any motion for Rule 11 or other sanctions based on the initial filing or subsequent prosecution of this now-consolidated case.

**IT IS SO ORDERED.**

Dated: February 26, 2018

William H. Orrick
United States District Judge